UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYETTA JONES,
        Plaintiff,

No. 1:07-cv-1191

-v-

HONORABLE PAUL L. MALONEY

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a Report and Recommendation (Dkt. No. 16) issued by the Honorable Ellen S. Carmody, United States Magistrate Judge. Plaintiff Jones filed a complaint seeking review of a final decision of the Commissioner of Social Security. The complaint was automatically referred to the Magistrate Judge. Magistrate Judge Carmody recommends affirming the Commissioner's decision. At issue is Plaintiff Jones' objection. (Dkt. No. 17.)

After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"); *Howard*, 932 F.2d at 509. The

United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

  Plaintiff Jones' objection to the R&R is limited to a single issue, whether the Commissioner failed to establish a medical improvement occurred in Plaintiff's impairment since the time of her most recent favorable decision that she was disabled (the comparison point decision or CPD). Plaintiff has not expressed any disagreement with the facts or legal standards as set forth in the R&R. On March 18, 2000, Plaintiff's file was reviewed and her benefits were continued. Consequently, that date became the CPD as it constitutes a favorable finding that Plaintiff was disabled and no medical improvement had occurred since the previous finding. Plaintiff's file was again reviewed in January 2004 when it was determined her medical impairment had improved and she was no longer disabled. Plaintiff argues a comparison between her medical impairments in March 2000 to her medical impairments in January 2004 do not establish a medical improvement sufficient to conclude she is no longer disabled. Magistrate Judge Carmody concludes there is substantial evidence to support the conclusion Plaintiff is no longer disabled.

  Having conducted a *de novo* review of the issue raised, Plaintiff's objection is OVERRULED. The evidence in the record, as noted by Magistrate Judge Carmody, supports the conclusion that Plaintiff's impairments improved between March 2000 and January 2004. The record establishes, prior to the CPD, Plaintiff exhibited significant behavioral problems and

cognitive testing of Plaintiff's abilities placed her within the mentally retarded range. The record further establishes, between 2000 and 2004, Plaintiff's behavioral problems significantly improved. Plaintiff's cognitive tests also showed improvement. Plaintiff's reliance on the tests taken in 2001 are misplaced. Those tests occurred after the CPD and do not establish the point of comparison for the decision made to terminate benefits in 2004. Plaintiff is correct that there is evidence in the record showing Plaintiff continues to exhibit some of the same behavioral problems that she exhibited prior to 2000. However, this Court may not reverse the Commissioner's determination simply because some evidence exists to support a different conclusion. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

Having reviewed the complaint, the parties' briefs, the Report and Recommendation, and Plaintiff's objection, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation (Dkt. No. 16) is **ADOPTED OVER OBJECTIONS**;

2. The Commissioner's denial of benefits is **AFFIRMED**; and

3. The complaint is **DISMISSED.**


Date: May 1, 2009                                                          /s/ Paul L. Maloney
                                                                                                                     Paul L. Maloney
                                                                                                                     Chief United States District Judge